UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **H.G. WHITTINGTON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-03-4507** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is the Plaintiffs' Motion for Reconsideration (Dkt. #27). In their motion, Plaintiffs seek reconsideration of two aspects of this Court's March 26, 2005 Memorandum and Order ("M&O"). First, Plaintiffs continue to assert that administrative claims were not required to effectuate a waiver of sovereign immunity by Defendant. Second, Plaintiffs complain that the Court failed to consider an additional informal refund claim sent on behalf of all of the AMCOR partners. The Court will address these issues below.

**I.      Sovereign Immunity**

In their initial response to Defendant's motion for partial dismissal, Plaintiffs argued that partners seeking a refund under the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. No. 97-248, § 402, 96 Stat. 324 (1982) (codified at 26 U.S.C. §§ 6221-6233), were not required to file an administrative claim in order to pursue a refund suit in federal court. Alternatively, Plaintiffs asserted that the Schuenamans had satisfied the refund claim requirement because they had filed an informal claim within the relevant limitations period. After considering Defendant's motion, Plaintiffs' response, and evaluating the relevant law, the Court concluded that Plaintiffs were required to file an administrative claim in order to effectuate a waiver of sovereign immunity by Defendant.

The Court, however, agreed with Plaintiffs' alternative position and specifically found that the Schuenamans had satisfied the claim requirements by filing an informal claim with the Internal Revenue Service Center in Austin, Texas on October 17, 2003. In the motion for reconsideration, Plaintiffs essentially advance the same arguments considered by the Court in its initial decision. The Court will not reexamine the specific issues already addressed by the previous M&O.

Although revisiting the earlier M&O is unnecessary, the Court will address one point raised by Plaintiffs in their current motion. Specifically, Plaintiffs note that the earlier M&O did not address *United States v. Williams*, 514 U.S. 526 (1995), which Plaintiffs maintain supports their position that an administrative claim was not required. In *Williams*, the Supreme Court considered whether a taxpayer had standing under 28 U.S.C. § 1346(a)(1) to bring a refund claim, even though the tax paid was assessed against a third party. Considering one of the provisions "narrow[ing] the waiver of sovereign immunity," the court noted that "[i]t is undisputed that [26 U.S.C.] § 7422 requires administrative exhaustion." *Id*. at 532-33. The issue in the case, however, was not whether the taxpayer had exhausted under § 7422 by filing an administrative claim, which the taxpayer had done, but whether the taxpayer was eligible to exhaust because the tax had not been assessed directly against the party filing suit. *Id*. at 533. Concluding that Congress did not intend to leave the taxpayer without a remedy, the court held that the taxpayer could bring a refund suit under § 1346(a)(1) even though the disputed tax had been assessed against a third party.

*Williams* offers no support for Plaintiffs' position. Most obviously, *Williams* did not address partnership claims under TEFRA or whether exceptions applied to the general exhaustion requirement of § 7422. The taxpayer in that case had already satisfied the exhaustion requirements under § 7422, which is apparently not the situation for all of the potential plaintiffs in the case at bar. Moreover, unlike the taxpayer in *Williams*, who the court noted would have been left without a remedy under the

statutory interpretation advanced by the government in that case, all of the AMCOR partners in this case had the opportunity to file administrative claims in compliance with § 7422, as both the Whittingtons and the Schuenamans did. In fact, as the Court noted in its earlier M&O, § 6230(c)(1)(B) provides for this very procedure. Yet Plaintiffs misconstrue this Court's earlier decision to hold that § 6230(c)(1)(B) *requires* a partner to file an administrative claim before pursuing a refund suit.[1] The issue before this Court then and at present, however, is not whether § 6230(c)(1)(B) requires the filing of a claim, but whether TEFRA provides an exception to the "undisputed" requirement of administrative exhaustion under § 7422. *See Williams*, 514 U.S. at 533. The Court previously found that TEFRA does not provide such an exception, and today reaffirms that conclusion.

## II.   Wright Claim

Next, Plaintiffs complain that the Court failed to consider in its earlier M&O the purported refund claim sent by Robert Wright to the Internal Revenue Service Center in Holtsville, New York.[2] Sent to the Holtsville Service Center on October 17, 2003, the correspondence contained a cover letter stating that the enclosed documents were intended to be "a refund claim for $50,000,000 filed

---

[1] Plaintiffs correctly note that § 6230(c)(1)(B)'s use of the "may" implies that it is within the discretion of the partner to file the administrative claim if the refund is not forthcoming.

[2] In its previous M&O, the Court did determine that the Schuenamans had satisfied the administrative claim requirement by filing an informal claim on behalf of themselves with the Service Center in Austin, Texas. The Court, however, did not consider the sufficiency of the Wright claim because Plaintiffs had specifically requested that all class certification issues be considered at a later date. Although the issue of whether the Wright claim satisfies the jurisdictional prerequisites for putative class members is not directly linked to the certification analysis, it is certainly related because it will determine, at least in part, the number of potential class members that have satisfied the exhaustion requirements. Despite reservations regarding whether Plaintiffs' motion for reconsideration is the proper vehicle to raise this issue, the Court notes that the matter has been fully briefed by the parties and will certainly require consideration prior to any decision regarding certification. Therefore, the Court will address the purported Wright claim at this time.

on behalf of all Amcor partners under I.R.C. § 6230 by General Partner Robert A. Wright." The first document was a Power of Attorney Form in which Robert Wright appoints Thomas Redding, Sallie Gladney, and Teresa Womack as his representatives in the tax matter.[3] This form was signed by Robert Wright as a General Partner.  The actual 1040X form indicates that it was "Filed on Behalf of All Partners," and then cites to an accompanying exhibit that identifies the specific partnerships, as well as an exhibit containing a general explanation of the types of refunds sought.

The Court concludes that the Wright claim is insufficient to satisfy the jurisdictional prerequisites for the individual partners.  First, the Court agrees with Defendant that there is no documentation or indication otherwise to demonstrate Wright's authority to act on behalf of the individual partners.  Indeed, the partnerships had terminated years before, and the Tax Court proceedings relating to those partnerships had ended approximately two years before. While Plaintiffs argue that the representative capacity of Wright is illustrated by the fact that the Tax Court decisions were executed by an AMCOR general partner even after the termination of the partnerships, those decisions were still based at the partnership level.  The refund "claims" sought here, however, involve the individual former partners' claims relating to their individual tax basis in the partnerships. In this respect, there is nothing to indicate that Wright had obtained or acquired the fiduciary capacity to act on behalf of possibly thousands of individual taxpayers, even if their individual income taxes were related to the partnership.

Nor does the Court believe that the purported Wright claim filed on behalf of all AMCOR partners satisfies the requirements under the informal claim doctrine.  As the Fifth Circuit has explained in the context of assessing the sufficiency of informal claims, "it is not enough that the IRS merely 'has information somewhere in its possession from which it might deduce that the taxpayer is

---

[3]*Id.*

4

entitled to a refund.'" *PALA, Inc. Employees Profit Sharing Plan and Trust Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000) (quoting *Gustin v. United States*, 876 F.2d 485, 489 (5th Cir. 1989)). Moreover, an informal claim is required to "'be clear and explicit in alerting the Commissioner that a refund of taxes is sought for certain years.'" *APG 3, Inc. v. United States*, 32 F. Supp. 2d 451, 454 (S.D. Tex. 1998), *aff'd*, 204 F.3d 1116 (5th Cir. 1999) (quoting *Missouri Pacific R.R. Co. v. United States*, 558 F.2d 596, 598 (Ct. Cl. 1977)). Here, despite the fact that hundreds of other partners like the Whittingtons had already filed independent formal refund claims,[4] Wright sought to file, with no apparent authority, a $50,000,000 refund claim on behalf of "all Amcor partners," which could include a potentially large number of taxpayers. While Defendant certainly had the information regarding the individual taxpayers' potential refunds within its possession, the Wright refund claim, even had Wright demonstrated some authority to act on behalf of the many potential claimants, simply did not identify the individual taxpayers with sufficient particularity or provide any other specific information from which a refund claim could be based. As such, the Court holds that the correspondence sent to the Holtsville Service Center does not by itself satisfy the jurisdictional requirements for any potential class member in this case.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is DENIED.

It is so ORDERED.

Signed this 14th day of June, 2005.

*John D. Rainey*
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[4] Dkt. #22, p. 12.